

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,925-01

### EX PARTE GARY MYRE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 30519A-CC IN THE COUNTY COURT AT LAW FROM KAUFMANN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to eighty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Myre v. State*, No. 05-12-00689-CR (Tex. App.—Dallas 2013, pet. ref'd).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also order the District Clerk, if she has not already done so, to forward the indictment, docket sheet, jury charge, and judgment.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish

---

[1]The District Clerk's duties are set out in Article 11.07 of the Code of Criminal Procedure and Rule 73.4 of the Rules of Appellate Procedure. These duties are mandatory.